IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DERRICK L. SMITH,

    Plaintiff,                                        OPINION AND ORDER

    v.                                                  14-cv-56-wmc

BOB DICKMAN,

    Defendant.

DERRICK L. SMITH,

    Plaintiff,                                        OPINION AND ORDER

v.                                                    14-cv-57-wmc

BOB DICKMAN,

    Defendant.

DERRICK L. SMITH,

    Plaintiff,                                        OPINION AND ORDER

    v.                                                 14-cv-201-wmc

SANDRA La DU-IVES, *et al.*,

    Defendants.

DERRICK L. SMITH,

    Plaintiff,                                        OPINION AND ORDER

v.                                                    14-cv-203-wmc

SANDRA La DU-IVES, *et al.*,

    Defendants.

1

DERRICK L. SMITH,

       Plaintiff,                                  OPINION AND ORDER

v.                                                                     14-cv-204-wmc

MELEE THAO, *et al.*,

       Defendants.

State inmate Derrick L. Smith filed the above-referenced civil actions pursuant to 42 U.S.C. § 1983, concerning the conditions of his confinement at the Marathon County Jail. In each case, Smith seeks leave to proceed *in forma pauperis*. For reasons set forth briefly below, Smith's request must be denied because he is ineligible to proceed without prepayment of fees.

## ALLEGATIONS OF FACT

For purposes of this order, the court accepts plaintiff's well-pleaded allegations as true and assumes the following probative facts:[1]

The plaintiff, Derrick L. Smith, has a lengthy criminal record of convictions from Marathon County, Wisconsin, dating back to at least 1996. Since June 5, 2012, Smith has been in custody at the Marathon County Jail on charges pending against him in Marathon County Case No. 2012CF386.[2] He is also facing the revocation of his supervised release in a

---

[1] In addressing any *pro se* litigant's complaint, the court must read the allegations generously. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972). The court draws all facts from the complaint and any attached exhibits, which are deemed part of that pleading. *See* FED. R. CIV. P. 10(c); *see also Witzke v. Femal*, 376 F.3d 744, 749 (7th Cir. 2004) (explaining that documents attached to the complaint become part of the pleading, meaning that a court may consider those documents to determine whether plaintiff has stated a valid claim).

[2] Smith has been charged in that case with first-degree sexual assault with a dangerous weapon; substantial battery intending bodily harm; strangulation and suffocation (two counts); false

previous case.

In the first lawsuit referenced above (14-cv-56), Smith alleges that he was denied an opportunity to attend an outside appointment with his therapist in June or July of 2012. Smith explains that he suffers from anxiety, depression and insomnia. He contends that Jail Administrator Bob Dickman has implemented an unconstitutional change in jail policy that discontinued the availability of "escort and transport" of Jail detainees to outside appointments. Smith contends, therefore, that he was denied access to mental health care in violation of the Eighth and Fourteenth Amendments.

In the second lawsuit referenced above (14-cv-57), Smith repeats his claim that he was denied mental health care in for anxiety, depression and insomnia in June or July of 2012, when Jail Administrator Bob Dickman instituted a change in jail policy regarding outside appointments. Smith contends further that he was placed in disciplinary segregation in June 2012, and October 2012, under conditions which caused his anxiety, depression and insomnia to worsen.

In the third lawsuit referenced above (14-cv-201-wmc), Smith alleges that he was unfairly "locked down" in a "receiving cell" on January 20, 2014, pending a disciplinary due process hearing after he was charged with battering another inmate at the Jail. For two days, Smith claims that he was not allowed any exercise or exposure to natural light and his cell was constantly illuminated. Smith was then moved to a darkened cell in the disciplinary segregation area of the Jail until the last week of February. Smith contends that Jail Administrator Sandra La Du-Ives violated his constitutional rights by subjecting him to

---

imprisonment; and victim intimidation by use or attempted use of force. *See State v. Derrick L. Smith*, Marathon County Case No. 2012CF386.

sensory deprivation which made his "vitamin deficiencies worse." He claims, therefore, that he was subjected to torture in violation of the Eighth and Fourteenth Amendments.

In the fourth lawsuit (14-cv-203-wmc), Smith claims that Jail Administrator Sandra La Du-Ives failed to listen to his complaints about the adequacy of medical care that he received previously at the Jail. In particular, Smith contends that medical staff at the Jail are "unqualified" to treat him for injuries that he sustained during an altercation with other inmates at the Jail in August or September of 2013.

In the fifth lawsuit listed above (14-cv-204-wmc), Smith contends that he awoke on March 7, 2014, with intense pain in "the inner part of his hip next to his groin, stretching around to the front and back parts of his left leg to the outside part of his hip." Smith explains that he fractured his hip many years ago when he was in the army. As a result of the pain in his hip, Smith was reportedly unable to attend a court hearing in his criminal case because he could not stand or place any weight on his left leg. He claims that guards were unsympathetic to his requests for medical care. Eventually, a nurse arrived at his cell and dispensed Ibuprofen and a "heat pack" for pain. Smith claims, however, that Physician's Assistant Melee Thao and another nurse refused to see him that day. He contends, therefore, that he was denied adequate medical care for his pain.

## OPINION

Because Smith is incarcerated his complaints are governed by the Prison Litigation Reform Act (the PLRA). The PLRA precludes an inmate from bringing a civil action or appealing a civil judgment *in forma pauperis* if at least three of the inmate's prior lawsuits have been dismissed as frivolous, malicious, or for failing to state a claim on which relief may be granted. 28 U.S.C. § 1915(g). An exception exists only when an inmate demonstrates that

he is in "imminent danger of serious physical injury."

Court records show that Smith has more than ten strikes for filing frivolous, malicious prisoner complaints: *See Smith v. Grams et al.*, Case No. 09-cv-387-bbc (W.D. Wis. Feb. 4, 2010); *Smith v. Gleason, et al*, Case No. 12-cv-633 (W.D. Wis. Jan. 10, 2014); *Smith v. Dickman, et al.*, Case No. 12-cv-742 (W.D. Wis. Nov. 22, 2013); *Smith v. Dickman, et al.*, Case No. 12-cv-743-wmc (W.D. Wis. Nov. 22, 2013); *Smith v. Mergandahl, et al.*, Case No. 13-cv-644 (W.D. Wis. Nov. 27, 2013); *Smith v. Thao, et al.*, Case No. 13-cv-646 (W.D. Wis. Nov. 27, 2013); *Smith v. Daniel Snyder et al.*, Case No. 13-cv-647 (W.D. Wis. Nov. 25, 2013), and *Smith v. Judge Vincent Howard et al.*, Case No. 13-cv-658-wmc (W.D. Wis. Nov. 25, 2013); *Smith v. Dave (John Doe) Nurse, et al.*, Case No. 13-cv-670 (W.D. Wis. Nov. 27, 2013); and *Smith v. Mergandahl, et al.*, Case No. 13-cv-671 (W.D. Wis. Nov. 27, 2013). As a result, Smith may proceed *in forma pauperis* only on claims alleging that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Moreover, on January 10, 2014, the court sanctioned Smith in the amount of $100.00 for his failure to heed warnings about his practice of filing repeated, frivolous claims. See *Smith v. Gleason, et al*, Case No. 12-cv-633 (dkt # 34). Until that sanction is paid in full, Smith may not open any new civil action in this district unless the complaint has "plausible merit and is not otherwise barred by 28 U.S.C. § 1915(g)." *Id.*

To proceed under the imminent-danger exception found in § 1915(g), an inmate must articulate specific facts showing that a "threat" or risk of physical harm is both "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). In addition, courts have uniformly held that the imminent-danger exception requires the risk of serious physical injury to exist at the time the complaint is filed. *See id.*; *see also Malik v. McGinnis*, 293 F.3d 559,

5

563 (2d Cir. 2002) ("[I]t is clear from the face of the statute that the danger must exist at the time the complaint is filed."); *Abdul–Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc) (finding that the use of the present tense in § 1915(g)'s imminent danger exception indicates that "[t]he statute contemplates that the 'imminent danger' will exist contemporaneously with the bringing of the action"); *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) ("Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute."); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) ("As the statute's use of the present tense . . . demonstrates, an otherwise ineligible prisoner is only eligible to proceed [*in forma pauperis*] if he is in imminent danger at the time of filing."); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) ("The plain language of the statute leads us to conclude that a prisoner with three strikes is entitled to proceed [*in forma pauperis*] only if he is in imminent danger at the time that he seeks to file his suit in district court . . . ."). Thus, allegations of past harm, or allegations of a past injury that has not recurred, do not fit within the imminent-danger exception for purposes of proceeding *in forma pauperis*. *Ciarpaglini*, 352 F.3d at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

Reviewed generously, most of Smith's allegations do not concern threats or conditions posing an imminent risk of physical harm. In that respect, many of his allegations concern harm that is remote in time. To the extent that Smith claims that he was denied access to medical care for hip pain on March 7, his allegations are not supported by specific facts regarding the nature of his injury. *See Ciarpaglini*, 352 F.3d at 330; *see also Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (requiring an inmate to make "specific fact allegations

6

of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury"). More importantly, he does not allege that he was denied care, as he acknowledges being seen by a nurse and treated with Ibuprofen and a heat pack for his complaints of pain.

For these reasons, leave to proceed *in forma pauperis* will be denied. To proceed with these claims, Smith must pay the $100.00 sanction imposed against him previously, as well as the $400.00 filing fee within thirty days. If he fails to comply as directed within the time allowed, these cases will be dismissed without further notice pursuant to Fed. R. Civ. P. 41(b).

## ORDER

IT IS ORDERED that:

1. Plaintiff Derrick Smith's request for leave to proceed *in forma pauperis* in Case Nos. 14-cv-56, 14-cv-57, 14-cv-201, 14-cv-203 and 14-cv-204 is DENIED.

2. To proceed with these claims, Smith must pay the $100.00 sanction imposed against him previously as well as the $400.00 filing fee within thirty days. If he fails to comply as directed within the time allowed, these cases will be dismissed without further notice pursuant to Fed. R. Civ. P. 41(b).

Entered this 4th day of April, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge